UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESUS SUAREZ RAMOS,

Petitioner,

v. Case No.: 2:26-cv-02767-SPC-KRH

WARDEN OF GLADES COUNTY DETENTION CENTER *et al*,

Respondents.

/

**OPINION AND ORDER**

Before the Court is Jesus Suarez Ramos's Petition for Writ of Habeas Corpus (Doc. 2).

Suarez Ramos is a native of Bolivia who lawfully entered the United States with a B-2 visa on July 6, 2024. He has employment authorization, a pending asylum application, and no criminal history. On August 21, 2026, Immigration and Customs Enforcement (ICE) arrested Suarez Ramos at Tampa International Airport, where he intended to board a domestic flight with his U.S. citizen wife.

Suarez Ramos requested a bond hearing, and it was scheduled for 8:00 a.m. on September 10, 2026, before Immigration Judge Stuart Siegel. During the hearing, the Department of Homeland Security (DHS) uploaded an I-213 Record of Deportable/Inadmissible Alien into the record. It stated that Suarez

Ramos served in the military of Bolivia. That is not true, and because DHS did not provide the I-213 to Suarez Ramos or his counsel before the hearing, they were blindsided. Both Judge Siegel and counsel for DHS questioned Suarez Ramos about the I-213 and prior military service. In his order denying release on bond, Judge Siegel found that Suarez Ramos did "not appear to be candid regarding his military service in Bolivia." (Doc. 2-14 at 2).

Suarez Ramos requested a second bond hearing and submitted a document issued by the Bolivian military. It states Suarez Ramos was declared exempt from military service and notes his work as a civil engineer, which is consistent with the educational and professional history reflected in other documents he has submitted in his immigration case. On September 29, 2026, Judge Siegel found there was no material change in circumstances and denied Suarez Ramos's request for a second bond hearing. He faulted Suarez Ramos for not producing the new documents in the first hearing.

In his habeas petition, Suarez Ramos claims his detention violates the Fifth Amendment because he was not afforded due process in the only bond hearing held on the merits. On October 13, 2026, the Court directed the Clerk to serve the habeas petition on the Attorney General and the local U.S. Attorney's Office and ordered the government to respond by October 20, 2026. The government did not file a response.

Default judgment is not available in habeas corpus cases, so the Court must address Suarez Ramos's uncontested due process claim on its merits. *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*,

533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

Suarez Ramos did not receive due process here. Judge Siegel put the burden of proof on Suarez Ramos to prove he is not a flight risk, allowed the government to blindside him with undisclosed evidence and a false accusation of prior military service, and refused to let Suarez Ramos present rebuttal evidence. Judge Siegel's reliance on false information and refusal to reconsider despite proof that the information is false makes the decision to detain him without bond arbitrary. Suarez Ramos is entitled to release from custody.

Accordingly, it is hereby

**ORDERED**:

Jesus Suarez Ramos's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Suarez Ramos and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to email this order to USAFLM.Alcatraz@usdoj.gov and OPLAORLFEDLIT@ice.dhs.gov, terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record